## The State *vs.* Dame.

An indictment for an assault with a " basket knife," with intent to kill, is supported by evidence of an assault with a " basket iron."

The kind of instrument in such case is immaterial, if the nature of the injury calculated to be produced by each be of the same description.

Indictment, for making an assault with a " basket knife" upon one Reuben Hayes, with an intent to kill him.

Several witnesses testified that the weapon in question, which was produced at the trial, was a " basket iron"—that they were familiar with instruments of this description, used in basket making, and that they were universally called " basket irons." One witness testified that he had heard the prisoner call it a " basket knife." The counsel for the prisoner contended that it must be proved that the assault was made with the instrument described in the indictment. But the court instructed the jury that it was immaterial whether the instrument was a " basket iron" or a " basket knife," provided they were calculated to produce the same sort of injury.

The jury found the prisoner guilty of an assault only ; and the counsel for the prisoner moved for a new trial, on account of the instruction of the court as aforesaid.

*Woodman,* county solicitor, for the state.

*Bartlett,* for the prisoner.

GILCHRIST, J. It is a distinction which runs through the whole criminal law, that it is enough to prove so much of the indictment as shows that the prisoner has committed a substantive crime, therein specified. And, in general, the descriptive averments of the mode in which an offence has been committed are not required to be strictly proved, if in substance the evidence support the allegation. Thus in indictments for murder, it is always sufficient if the mode of death proved agree in substance with that charged.

This principle has been recognized from an early period, and *Mackalley's case,* 9 *Rep.* 67, is a leading case upon the point. It was there held, that " if a man is indicted that he with a dagger gave another a mortal wound, upon which he died, and in evidence it is proved that he gave the wound with a sword, rapier, staff, or bill, in that case the offender ought to be found guilty, for the substance of the matter is that the party indicted has given him a mortal wound, whereof

he died, and the circumstance of the manner of the weapon is not material in case of indictment; and yet such circumstance ought not to be omitted, but some weapon ought to be mentioned in the indictment."

So, an indictment or appeal for poisoning a man with one kind of poison may be maintained by evidence of a different kind of poison; for the substance of the matter is, whether the defendant did poison the deceased, or not. 4 *Hawkins' P. C.* 454.

If the means of death agree in substance with that charged, it is sufficient, and therefore where the indictment was for assaulting a person with a certain offensive weapon, commonly called a " *wooden staff,*" with a felonious intent to rob him, and it was proved to have been with a *stone,* on a conference of the judges it was held well, for the two weapons produce the same sort of mischief, viz., by blows and bruises, and they said it would be sufficient even on an indictment for murder. *Sharwin's Case,* 1 *East P. C.* 341.

So, where the indictment for manslaughter charged the wound to have been inflicted by a blow with a hammer, but there was no direct evidence that the blow had been so inflicted, and a medical man stated that the injury might have arisen either from a blow with a hammer or by the deceased falling against the key or lock of a door, Parke, J., instructed the jury, that "the kind of instrument is immaterial: if you think the injury was occasioned by a blow given with a hammer, or with any other hard substance held in the hand, the indictment will be sufficiently proved." *Martin's Case,* 5 *C. & P.* 128; *Culkin's Case,* 5 *Ditto* 121.

But though the weapon need not be proved to be the same, yet it must appear that the species of killing was the same. Therefore, if a person be indicted for one species of killing, as by poisoning, he cannot be convicted by evidence of a species of death entirely different, as by shooting, starving, or strangling. 1 *Russell on Crimes* 677, *book* 3, *ch.* 1, § 6.

It appears, therefore, very clear from the authorities, that if the manner of the death, or injury proved, agree in substance with that charged, the allegation is maintained. The indictment should in all respects be adapted as closely to the truth as possible; but the particular manner in which the injury was caused is immaterial, provided there be a substantial agreement between the evidence and the allegations in the indictment.

*Judgment on the verdict.*